IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JOSHUA DAVID HEADRICK,

                Plaintiff,

v.                                                                                          Case No. 24-CV-323-JFH-JAR

DAVID L. MOSS CRIMINAL
JUSTICE CENTER,

                Defendant.

## OPINION AND ORDER

Plaintiff Joshua David Headrick ("Headrick") is a pro se pretrial detainee who is incarcerated in the Wagoner County Jail in Wagoner, Oklahoma. Dkt. No. 1 at 2. On September 11, 2024, he filed this civil rights complaint pursuant to 42 U.S.C. 1983, naming the David L. Moss Criminal Justice Center ("DLMCJC") in Tulsa, Oklahoma, as the sole defendant. *Id*. at 1. Headrick alleges he was sexually assaulted on February 20, 2024, while incarcerated at DLMCJC. *Id.* at 5. He is seeking "justice" and compensation for his pain and suffering. *Id.* at 7.

A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . .

28 U.S.C. § 1391(b)(1)-(2).

The defendant in this matter is located in Tulsa, Oklahoma, and the alleged sexual assault occurred in that Tulsa County facility. Dkt. No. 1 at 3, 5. Tulsa County is located within the territorial jurisdiction of the Northern District of Oklahoma. 28 U.S.C. § 116(a). Because this Court is located in Muskogee County, Oklahoma, within the Eastern District of Oklahoma, proper

venue does not lie in this district. *See* 28 U.S.C. § 116(c). Thus, this action should be dismissed without prejudice for improper venue. Plaintiff may file a proper complaint in the United States District Court for the Northern District of Oklahoma, where the DLMCJC is located.

If Plaintiff files a new complaint, the Court advises that "to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48,(1988) (emphasis added) (citations omitted). The Court finds the DLMCJC is not a "person." *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. Jan. 25, 2010) ("[T]he Creek County Criminal Justice Center is not a suable entity under § 1983.") (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)). Accordingly, if Headrick decides to file a new complaint in the proper district court, he must name the person or persons who allegedly violated his constitutional rights while "acting under color of state law." *See* 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice for improper venue pursuant to 28 U.S.C. § 1406(a). Headrick's motion for leave to proceed *in forma pauperis* is denied as moot.

Dated this 24th day of September 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE